**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION TRUST FUND OF LOCAL UNION #58, IBEW; ELECTRICAL WORKERS' JOINT BOARD OF TRUSTEES VACATION FUND; SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND OF THE ELECTRICAL INDUSTRY, DETROIT, MICHIGAN; IBEW LOCAL NO. 58 ANNUITY FUND; JOINT APPRENTICESHIP TRAINING TRUST FUND; NECA-IBEW LOCAL LABOR MANAGEMENT COOPERATION FUND; and NATIONAL ELECTRICAL BENEFIT FUND, | Case No. 09-13150<br><br>HON. MARIANNE O. BATTANI |
| Plaintiffs, | |
| v. | |
| CITY OF DETROIT, | |
| Defendant. | |
| _____/ | |

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiffs' Motion for Summary Judgment. (Doc. 11). In their complaint, Plaintiffs allege that the City of Detroit failed to pay fringe benefits required under a collective bargaining agreement ("CBA") and that an arbitration award of $57,560.06 was entered against the City of Detroit on April 17, 2009. Plaintiffs ask this Court to require the City of Detroit to pay the arbitration award. For the reasons that follow, the Court grants Plaintiffs' Motion for Summary Judgment.

The following facts have not been disputed. Under a CBA, the City of Detroit is required to make fringe benefit contributions into the Plaintiff funds. On March 24,

2009, Plaintiffs filed a grievance and made a demand for arbitration under the CBA, alleging that the City of Detroit had failed to make required fringe benefit contributions amounting to $57,560.06. At an April 16, 2009, hearing, the City Detroit was found guilty of the charges against it and ordered to immediately pay $57,560.06.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

In its response to Plaintiffs' Motion for Summary Judgment, the City of Detroit notes that it has found no evidence that it received notice of either the arbitration hearing or the arbitration award and that Plaintiffs have presented no such evidence. Plaintiffs claim that the City of Detroit did receive notice of the hearing and award. In support, Plaintiffs submitted the affidavit of Laura Dayfield, which stated that she had mailed a notice of the hearing to the City of Detroit, on April 2, 2009 and that she sent a

2

copy of the award to the City of Detroit on April 17, 2009. In addition, Plaintiffs attached copies of the notices and a signed return receipt indicating that the notice of the hearing was delivered to the City of Detroit on April 8, 2009. As the City of Detroit has presented no evidence – beyond the allegation in its response brief – that it did not receive notice of the hearing and award, it has failed to show that there is a genuine dispute as to a material fact. See FED. R. CIV. P. 56(e)(2). Accordingly, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 17, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager